```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

**CHIA BRUCE WANG**                                         **CIVIL ACTION**

**VERSUS**                                                  **NO. 15-2432**

**MUTUAL OF OMAHA, ET AL.**                                 **SECTION "B"(3)**

### ORDER AND REASONS

Before the Court is Defendants' Motion to Strike Plaintiff's First Amended Complaint and Motion to Dismiss (Rec. Doc. No. 26). Defendants contend that Plaintiff's claims should be dismissed as he has not established jurisdiction, his amended complaint fails to comply with this Court's prior order concerning FCA and securities fraud claims, and his retaliation claims have prescribed. Plaintiff, representing himself *pro se*, filed a memorandum in opposition. (Rec. Doc. No. 27).

**IT IS ORDERED** that the Motion is **GRANTED**.

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of Plaintiff's employment with Defendants as a District Manager at Mutual of Omaha. Plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. §1332. He asserts that the Defendants violated numerous laws in running the insurance agency. Specifically, Plaintiff's original complaint alleged that Defendants committed securities fraud in addition to violating the Fair Claims Act ("FCA") and "Whistleblower laws." (Rec. Doc. No. 1 at 1-3).

On August 4, 2015, the Defendants filed a Motion to Dismiss and Motion for a More Definite Statement, which this Court granted in part and denied in part on September 23, 2015. After granting Defendants' Motion with respect to the securities fraud claims, the Court then denied the remainder of the Motion to Dismiss without prejudice and granted the Motion for a More Definite Statement, allowing Plaintiff to re-urge his FCA and retaliation claims with more particularity. (Rec. Doc. No. 23 at 1). The Court also ordered the Plaintiff to more specifically address the residency of the parties in order to determine whether complete diversity exists. (Rec. Doc. No. 23 at 1). Plaintiff thereafter amended his complaint (Rec. Doc. No. 24), and Defendants filed the present Motion to Dismiss and Motion to Strike.

## II.  THE PARTIES' CONTENTIONS

Defendants' first contention is that Plaintiff has not adequately established that complete diversity exists, and thus the Court does not have subject matter jurisdiction over this case. Second, Defendants urge the Court to dismiss the securities fraud claims re-urged in the amended complaint as the Court previously dismissed those claims with prejudice. Next, Defendants contend that all of Plaintiff's claims under the FCA should be dismissed on the grounds that Plaintiff's amended complaint failed to assert any allegations in connection with the FCA, therefore abandoning the claims set out in his original complaint. Finally, Defendants

assert that any claims for retaliation have prescribed, and, in the alternative, that Plaintiff has not established the necessary factual basis for a retaliation claim.

In what is best described as a semi-coherent rant, Plaintiff's opposition only briefly touches on some of the arguments raised by Defendants. Plaintiff asserts that he has adequately established complete diversity to support jurisdiction in this case, but he follows up with factual allegations that contradict earlier pleadings and only serve to muddle the jurisdiction issue. Further, Plaintiff attempts to support his retaliation claim with additional factual allegations, but he does not address the statute of limitations issue. Plaintiff does not address Defendants' arguments concerning the FCA or the securities fraud claims.

### III. LAW AND ANALYSIS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party can move for dismissal for failure to state a claim upon which relief can be granted. Such motions are viewed with disfavor and rarely granted. *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982)). When reviewing 12(b)(6) motions, courts must accept all well-pleaded facts as true, viewing them in the light most favorable to the non-moving party. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 1949 (2009)) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, *pro se* complaints are "construed liberally," *Johnson v. Watkins*, 999 F.2d 99, 100 (5th Cir. 1993), and they are "held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 987 (5th Cir. 1981)). Nevertheless, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (quoting *S. Christian Leadership Conference v. Supreme Court of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001)).

### a. Plaintiff's FCA Claims

In his original complaint, Plaintiff seemingly invoked the *qui tam* provision of the False Claims Act, (Rec. Doc. No. 1 at 2), but he failed to plead sufficient facts to support such a claim. (Rec. Doc. No. 23 at 8). Accordingly, this Court granted Plaintiff the opportunity to amend his complaint to provide support for his

FCA claims. (Rec. Doc. No. 23 at 8). Under the *qui tam* provision of FCA, 31 U.S.C. §3730(b), private parties may, in certain circumstances, bring suits "on behalf of the United States against anyone submitting a false claim to the Government." So, at the very least, Plaintiff's pleadings must allege the submission of false insurance claims to the government.

In reviewing Plaintiff's amended complaint and opposition to the Motion to Dismiss, he does not once mention the FCA or even allude to the submission of false claims to the government. In fact, he raises nothing even tangentially-related. Plaintiff has failed to comply with this Court's order, which permitted him the opportunity to amend his complaint by pleading sufficient facts to support a claim under the FCA. As a result, Plaintiff's FCA claims remain inadequate and cannot survive the Motion to Dismiss.

    **b. Plaintiff's Retaliation Claims**

Defendants move for dismissal of Plaintiff's retaliation claims on the ground of prescription. Defendants argue that the claims have prescribed because Plaintiff's complaints to the Insurance Commissioner, in addition to the acts allegedly committed by Defendants, occurred in 2013 or earlier, and this case was not filed until July 1, 2015. (Rec. Doc. No. 26-1 at 3).

As retaliation claims qualify as delictual actions, Louisiana's prescriptive period for delicts applies. *Johnson v. Hospital Corp. of America*, 2009 WL 3648448, No. 09-0113, at *15

(W.D. La. Nov. 3, 2009). In Louisiana, a one-year prescriptive period applies to all such actions. LA. CIV. CODE ANN. art. 3492. "This prescription commences to run from the day injury or damage is sustained." *Id*. The burden of proof rests with the party raising prescription unless, "from the face of the plaintiff's petition, it appears that the prescriptive period has run." *Brownell Land Co., L.L.C. v. Oxy USA Inc.*, 2007 WL 3138638, No. 05-225, at *1 (E.D. La. Oct. 1, 2007). As the petition does not clearly indicate when the harm occurred, the burden rests with the Defendants.

Defendants' Motion contends that the prescriptive period has run because all of the acts alleged in Plaintiff's complaint occur between the years of 2009 and 2013. (Rec. Doc. No. 26-1 at 4). All of Plaintiff's pleadings are noticeably devoid of dates and specific time-frames for the actions allegedly taken by Defendants. Nevertheless, Plaintiff repeatedly refers to the year 2013 and never references any date after that. Thus, it is reasonable to infer from Plaintiff's ambiguous pleadings that all of the retaliatory acts alleged occurred before 2014. In his opposition, Plaintiff does not address Defendants' prescription argument and pleads no facts to contradict the assertion that prescription had run when the complaint was filed on July 1, 2015. For those reasons, the Court finds that Plaintiff's retaliation claims are prescribed. *See Johnson*, 2009 WL 3648448 at *15.

### c. Plaintiff's Remaining Claims

The Court's previous order on Defendants' first Motion to Dismiss specifically states that Defendant's Motion is granted in part, "to the extent that Plaintiff asserts a claim for securities fraud." (Rec. Doc. No. 23 at 1). Hence, the Court must strike Plaintiff's re-urged securities fraud claims from the amended complaint because they were previously dismissed with prejudice.

To the extent that the remaining factual allegations contained within the amended complaint comprise any sort of perceptible cause of action, they are also dismissed, as the Court's previous order only permitted the Plaintiff to amend his pleading with respect to the FCA and retaliation claims. (Rec. Doc. No. 23 at 1). As such, all of Plaintiff's claims are disposed of, and the Court need not reach the jurisdictional issue.

### IV. CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that the Motion is **GRANTED**, dismissing with prejudice all of Plaintiff's claims against Defendants in the above-captioned matter.

New Orleans, Louisiana, this 16th day of November, 2015.

UNITED STATES DISTRICT JUDGE